## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GROEB FARMS, INC., a Michigan
corporation,

                Plaintiff,

v.

ALFRED L. WOLFF, INC., a Delaware
corporation

                Defendant.

_____/

Case Number: 08-CV-14624

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Now before the Court is defendant Alfred L. Wolf, Inc.'s ("Defendant") November 14, 2008 Motion to Dismiss plaintiff Groeb Farms, Inc.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4). A hearing on this matter was held on February 5, 2009. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

## I.      BACKGROUND

This action arises from Plaintiff's allegations that Defendant breached contracts for the sale and delivery of honey.

Plaintiff is a Michigan corporation with its principal place of business in Onsted, Michigan. (Compl. ¶ 1). Defendant is a Delaware corporation with its principal place of business in Chicago, Illinois. (*Id.* ¶ 2).

On or about, September 19, 2005, Defendant entered into a sales contract ("Sales Order 770-1") with Plaintiff, whereby Defendant agreed to ship 2,045,980 pounds of honey originating from Korea to Onsted, Michigan—17 FCL February delivery, 17 FCL March delivery, and 16 FCL April 2006 delivery. (*Id.*, Ex. A). Under the heading Delivery Terms, Sales Order 770-1 provides: "free delivered Onsted, duty paid, customs cleared, FDA released." (*Id.*) In addition, the bottom of the contract contains the following language:

> IN EVENT OF FDA/USDA/CUSTOMS REJECTION OR NON-SHIPMENT BY ORIGINAL VENDOR OF ALL OR PART OF GOODS REPRESENTED IN THIS SALE, SELLER DOES NOT GUARANTEE REPLACEMENT.
> DUE TO UNPREDICTABILITY OF USA IMPORT REGULATIONS AND COUNTRY OF ORIGIN EXPORT REGULATIONS, AND REMOTENESS OF SOURCE, SELLER DOES NOT GUARANTEE TOTAL FULFILMENT OF THIS ORDER—DELIVERIES ARE GUARANTEED FOR PRICE & QUANTITY BUT PRECISE WEEKS OR MONTHS OF DELIVERY CANNOT BE GUARANTEED. WE INTEND TO DELIVER ACCORDING TO THE PROJECTED DELIVERY PERIODS INDICATED IN THIS CONTRACT BUT WE WILL EXTEND DELIVERY IF CIRCUMSTANCES BEYOND OUR CONTROL OCCUR WITHOUT LIABILITY ON PART OF ALFRED L. WOLFF INC. FOR ANY REASONABLE DELAYS.

(*Id.*)

On March 14, 2008, Defendant entered into another contract ("Sales Contract 1205") with Plaintiff, whereby Defendant agreed to ship 1,466,074 pounds of honey originating from India to Jacksonville—35 FCL in May 2008 plus or minus 1 month. (*Id.*, Ex. A). The delivery terms are: "ex Rail Jacksonville/FL: Customs cleared and FDA released." Like Sales Order 770-1, Sales Contract 1205 contains , which provides:

> IN EVENT OF FDA/USDA REJECTION OR NON-SHIPMENT BY ORIGINAL VENDOR OF ALL OR PART OF GOODS REPRESENTED IN THIS SALES, SELLER'S DUTY TO FULFILL THIS ORDER IS VOIDED. DUE TO UNPREDICTABILITY OF USA/IMPORT REGULATIONS AND COUNTRY OF ORIGIN EXPORT REGULATION AND REMOTENESS OF SOURCE. SELLER HAS NO OBLIGATION TO FULFILL THIS ORDER.

2

DELIVERIES ARE GUARANTEED FOR PRICE & QUANTITY BUT PRECISE WEEKS OR MONTHS OF DELIVERY CANNOT BE GUARANTEED. WE INTEND TO DELIVER ACCORDING TO THE PROJECTED DELIVERY PERIODS INDICATED IN THIS CONTRACT BUT WE WILL EXTEND OR SHORTEN DELIVERY DATES IF CIRCUMSTANCES BEYOND OUR CONTROL OCCUR WITHOUT LIABILITY ON PART OF ALFRED L. WOLFF, INC FOR ANY REASONABLE DELAYS. ILLINOIS STATE LAW APPLIES.

(*Id*.)

Plaintiff contends that Defendant did not deliver the types of honey listed in Sales Order 770-1 or Sales Contract 1205 (collectively the "Contracts") or even make substitute performance or a partial delivery.   (*Id*. ¶ 10).   Plaintiff alleges, upon  information and belief, the Department of Homeland Security refused to allow the type of honey which Defendant was importing into the United States to be delivered to Plaintiff because it was Chinese honey and therefore was subject to anti-dumping duties/tariffs.  (*Id*. ¶ 50).   The total value of the non-delivered shipments was $2,857,609.88.  (*Id*. ¶ 63).

On September 5, 2008, Plaintiff filed an action in the Lenawee County Circuit Court alleging breach of contract, fraud and misrepresentation, innocent misrepresentation, breach of express and implied warranties, promissory estoppel, specific performance, breach of contract - UCC, breach of contract - right to set off, breach of duty of good faith, and action for accounting.  Defendant removed the case to this Court on October 31, 2008.

Defendant now moves this Court to dismiss Plaintiff's claims by asserting that Plaintiff has failed to state a claim upon which relief can be granted.

## II.   ANALYSIS

### A.      Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the

3

complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1974).   A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

**B.    Choice of Law**

Sales Contract 1205 expressly provides that Illinois law applies.  Sales Contract 770-1 has no such choice of law provision.  The parties agree that to the extent that any other state law applies, Michigan law would govern because Plaintiff's principal place of business is in Michigan and the

4

place of delivery for Sales Contract 770-1 was in Michigan.  Because the laws of Michigan and Illinois do not greatly diverge as to the issues presented in this case, the Court examines Defendant's Motion under the common legal framework from both states.

### C.   Breach of Contract (Counts I, VII, and VIII)

Plaintiff alleges three separate breach of contract causes of action: "Breach of Contract" as Count II; "Breach of Contract - UCC" as Count VII and "Breach of Contract – Right to Set Off"as Count VIII.   It is undisputed by both parties that the Contracts involve the sale of goods and that the applicable provisions of the Michigan and Illinois Uniform Commercial Code ("UCC") apply. Because all three counts allege breach of contract and are based on the same underlying set of facts, i.e., the sale of goods, the Court construes the counts together as one breach of contract claim under the UCC.

To state a breach of contract claim against Defendant, Plaintiff must allege: (1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) Defendant breached the contract, and (4) the breach caused the Plaintiff an injury.  *See, e.g., Servpro Indus. v. Schmidt*, 905 F. Supp. 475, 479 (N.D. Ill. 1994) (interpreting Illinois law); *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999) (interpreting Michigan law). Thus, in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to establish the elements listed above.

Defendant argues that Plaintiff cannot satisfy the elements of a breach of contract claim because its allegations demonstrate that Defendant did not breach the Contracts.  That is, defendant contends that under the Contracts, Defendant is not responsible for non-delivery, when, as alleged here, the goods are rejected by U.S. Customers, USDA, or FDA.  Plaintiff, on the other hand, argues

that its allegation regarding the denial by U.S. Customs does not defeat its breach of contract claim because: (1) the allegation is an inconsistent and alternative pleading permitted by Federal Rule of Civil Procedure 8; and (2) its Complaint nevertheless sufficiently points to a breach under the Contracts.

A party may allege *factually* inconsistent theories of recovery. *Henry v. Daytop Village*, 42 F.3d 89 (2d Cir. 1994) ("[A] party may properly submit a case on alternative theories. The inconsistency may lie either in the statement of the facts or in the legal theories adopted . . . .") (internal quotations omitted) (citations omitted). This rule is subject to one caveat—the pleading must abide by Federal Rule of Civil Procedure 11's mandate that "the factual contentions [contained within the pleading]. . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Thus, "a pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Am. Int'l Adjustment Co v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996). Still, a party may plead itself out of court if the party pleads facts which show that it has no claim. *See, e.g.*, *Wilson v. O'Brien*, No. 07 C 3994, 2007 U.S. Dist. LEXIS 91555, at *5 (N.D. Ill. Dec. 13, 2007) ("[I]f a plaintiff alleges facts within a complaint that defeat an essential element of a claim, the complaint can be dismissed under Rule 12(b)(6).").

In the present action, under Count I Breach of Contract, Plaintiff alleges that Defendant "breached the Contract[s] by failing to deliver the types of honey as promised." (Compl. ¶ 10). Then, under Count VII Breach of Contract, Plaintiff alleges that the "the Department of Homeland Security refused to allow the type of honey which [Defendant] was importing into the United States to be delivered to [Plaintiff] because it was Chinese honey and therefore was subject to the anti-dumping duties/tariffs." (Compl. ¶ 50).

6

Plaintiff's Complaint could be read as pleading factually inconsistent theories of recovery in Counts I and VII. It also could be read as simply providing detail in Count VII as as to why Defendant failed to deliver the types of honey as promised as it generally alleged in Count I. This distinction is immaterial, though, as Plaintiff's breach of contract claim survives under either interpretation.

First, the Contracts provide that "IN THE EVENT OF FDA/USDA/CUSTOMS REJECTION . . . OF ALL OR PART OF THE GOODS *REPRESENTED IN THIS SALE*," Defendant does not guarantee replacement (Sales Contract 770-1) or Defendant's duty to fulfill the order is voided (Sales Contract 1205). (Compl. Ex. A). Since Plaintiff alleges that the Department of Homeland Security rejected the honey because it was from China—not from Korea or India as represented in the Contracts—Plaintiff has adequately alleged a breach of contract action against Defendant. That is, Plaintiff alleges that Defendant breached the Contracts by shipping Chinese honey, which ultimately resulted in the shipments being refused by the Department of Homeland Security and not being received by Plaintiff.

Second, as Plaintiff highlights in its Response, both Contracts provide that "DUE TO UNPREDICTABILITY OF USA IMPORT REGULATIONS . . . [DEFENDANT] DOES NOT GUARANTEE TOTAL FULFILLMENT OF THIS ORDER – DELIVERIES ARE GUARANTEED FOR PRICE & QUANTITY BUT PRECISE WEEKS OR MONTHS OF DELIVERY CANNOT BE GUARANTEED." (Compl. Ex. A). The Contracts appear to state that even when a shipment is seized, delivery is still guaranteed but a precise date of delivery is not. At the very least, the Contracts are ambiguous on their face and should be construed against the drafter—Defendant. *See Ladd v. Teichman*, 359 Mich. 587 (1960). Contrary to Defendant's assertion, Plaintiff's only alleged

7

basis for breach of the Contracts is not Defendant's failure to *timely* delivery the honey or to provide replacement.  Plaintiff clearly alleges that Defendant "breached the Contract[s] by failing to deliver the types of honey as promised and likewise failed to cure its default."  (Compl. ¶ 10).

Accordingly, construing the Complaint in the light most favorable to Plaintiff and accepting its allegations as true, the Court denies Defendant's Motion to Dismiss Plaintiff's breach of contract claim (Count I, VII, and VIII).

### D.     Misrepresentation: Counts II and III

Under Counts II and III of its Complaint, Plaintiff asserts claims of fraud and misrepresentation and negligent misrepresentation.

#### 1.     Legal Bar to Claims

Defendant asserts that the economic loss doctrine bars Plaintiff from asserting tort causes of action arising from Plaintiff's Contracts with Defendants.  Thus, the Court looks to Michigan and Illinois common law to determine whether the economic loss doctrine is a bar to Plaintiff's fraud claims.

The economic loss doctrine arose as a means to separate actions arising in tort from those arising in contract.  Simply stated, the economic loss doctrine provides that where a plaintiff's damages are purely economic in nature, the plaintiff cannot maintain a tort claim based on breach of contract facts.  *Neibarger v. Universal Coops., Inc.*, 439 Mich. 512, 520 (1992) ("'Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses.'"); *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 81, 435 (Ill. 1982).  Both Michigan and Illinois courts, however, recognize an exception to the economic loss doctrine for fraud in the inducement.

8

*See, e.g., Huron Tool & Eng'g Co v. Precision Consulting Servs., Inc.*, 209 Mich. App. 365, 368 (1995); *BP Amoco Chem. v. Flint Hills Res., LLC,* 489 F. Supp. 853 (N.D. Ill. 2007) (interpreting Illinois law).

As to Plaintiff's negligent misrepresentation claim, Michigan does not recognize such an exception to the economic loss doctrine, but Illinois does. *BP Amoco*, 489 F. Supp at 858. "With regard to that exception, the Illinois Supreme Court . . . held that the alleged misrepresentation must involve a duty that arose outside of the terms of the contract, such as the duty between a lawyer and a client." *Id.* In this case, Plaintiff has not alleged any misrepresentation that was extraneous to the contract. Therefore, the distinction between Michigan law and Illinois law as to this issue is of no consequence. Accordingly, Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine.

In an attempt to save its fraudulent misrepresentation claim from the economic loss doctrine, Plaintiff asserts that his Complaint sets forth an action for fraud in the inducement. "Fraud in the inducement presents a special situation where parties to a contract appear to negotiate freely— which normally would constitute grounds for invoking the economic loss doctrine—but where in fact the ability of one party to negotiate fair terms and make an informed decision is undermined by the other party's fraudulent behavior." *Id*. at 858 (quoting *Huron Tool*, 209 Mich. App. at 372–73).

The allegations in support of Plaintiff's fraud claim may fairly be read as supporting a claim of fraud in the inducement. On the one hand, defendant's alleged representation that it would deliver a certain quality and country of origin is merely a promise of future action and therefore cannot support a fraud claim. *See BP Amoco*, 489 F. Supp. 2d at 858 (citing *Cont'l Bank, N.A. v.*

9

*Meyer*, 10 F.3d 1293, 1298–99). But, on the other hand, Defendant's alleged representation that it *could* deliver honey of a certain country of origin is not a promise of future action and instead can be construed as a representation of present or past facts—i.e., that Defendant is then capable of obtaining Indian and Korean honey for delivery.   Hence, Defendant's alleged misrepresentations do not merely  "concern the quality and characteristics of" the honey to be supplied by it, *Huron Tool & Eng'g*, 532 N.W.2d at 546, but rather have the independent harm of potentially inducing Plaintiff to enter into a contract with a party that knowingly and intentionally made a promise it could not keep.

### 2.      Sufficiency of the Pleadings

Even though Plaintiff's fraudulent misrepresentation claim is not legally barred under the economic loss doctrine, the Court nevertheless finds that it was not pled with requisite particularity under the Federal Rules of Civil Procedure.

The special pleading rules contained in Federal Rule of Civil Procedure 9(b) require that to survive a motion to dismiss, the plaintiff state "with particularity the circumstances constituting fraud or mistake."   Under Rule 9(b), a plaintiff "at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008).

Here, Plaintiff merely alleges that "[*i*]*n connection with* the sales of honey and in order to induce Plaintiff to enter into the Contracts . . . [Defendant] made representations regarding facts which were material to the Contract[s], including but not limited to, a representation that [Defendant] could and would deliver honey of a certain quality and country of origin." (Compl. ¶

10

13) (emphasis added).   While the Complaint alleges sufficient facts as to Plaintiff's alleged representation regarding whether Defendant would deliver the honey of certain quality and country of origin,[1] as set forth above, a promise of future action cannot support a fraud claim.   As to Defendant's alleged representation that he could deliver honey of certain country of origin, Plaintiff has not pled sufficient facts outside of the contract  to overcome the heightened pleading standards in Rule 9(b).  Plaintiff has not alleged any specific facts regarding when that representation was made; by whom it was made; or where it was made.  While paragraphs forty-nine through fifty-one[2] provide further detail on Defendant's failure to deliver the honey contemplated in the Contracts, those paragraphs do not elaborate on Defendant's alleged representation that it had the capability to delivery Korean and Indian honey.   Those paragraphs only state that Defendant attempted to deliver Chinese honey in satisfaction of its obligations under the Contracts.

Accordingly, even construing the Complaint in the light most favorable to Plaintiff and accepting its allegations as true, the Court grants Defendant's Motion to Dismiss Plaintiff's misrepresentation claims (Counts II and III).

---

[1] Plaintiff attached the Contracts to its Complaint, which were incorporated into its breach of contract claim, which was incorporated by reference into its fraud claim.  (Compl. ¶¶ 9, 12).   The Contracts clearly set forth the particular origin and quantity of the honey to be delivered by Defendant and provide detail as to the time and place of the representations.

[2] Paragraphs fifty and fifty-one begin with "[u]pon information and belief." (Compl. ¶¶ 50, 51).  Generally, "allegations based on information and belief fail to satisfy the particularity requirement of Rule 9(b). However, an exception to this rule exists for matters that are peculiarly within the knowledge of the opposing party."   *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 591 (E.D. Mich. 1985).   In addition, paragraphs forty-nine through fifty-one are not specifically incorporated into Plaintiff's fraud claim because the claim only incorporates those paragraphs preceding the claim and those paragraphs come after the claim.   Nonetheless, the Court construes the Complaint in the light most favorable to Plaintiff and, therefore, incorporates those later factual allegations into its fraud claim.

### E.     Breach of Express and Implied Warranties: Count IV

Plaintiff also asserts a claim for breach of express and implied warranties based on Defendant's failure to deliver the honey under the Contracts.  Even construing the Complaint in the light most favorable to the Plaintiff, the Court finds that Plaintiff has failed to state a claim for breach of express and implied warranties under Count IV.

Pursuant to section 2-725 of the UCC (as codified in MCL § 440.2725 and 810 ILCS 5/2-725(2)), "[a] breach of warranty occurs when tender of delivery is made . . . ."  "Tender of delivery requires that the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery."  MCL § 440.2503(1); 810 ILCS 5/2-503(1).

Plaintiff has not alleged that Defendant tendered delivery or even alleged facts that the Court could construe as a tender of delivery.  In fact, Plaintiff seems to allege the exact opposite under Count IV—Defendant attempted to deliver non-conforming goods.  (Compl. ¶ 29).  Accordingly, the Court dismisses Plaintiff's breach of express and implied warranties under Count IV.

### F.     Promissory Estoppel: Count V

Defendant asks this Court to dismiss Plaintiff's promissory estoppel claim because Plaintiff's Complaint acknowledges the existence of a valid contract.  Plaintiff contends that its promissory estoppel claim is an alternative theory of liability allowed under Federal Rule of Civil Procedure 8.

Michigan and Illinois courts do not allow the equitable action of promissory estoppel where the plaintiff includes allegations of the existence of an express contract in its prayer for relief.  *See, e.g., Advanced Plastics Corp. v. White Consol. Indus.*, 828 F. Supp. 484, 491 (E.D. Mich. 1993) (citing *Campbell v. Troy*, 42 Mich. App. 534, 537, (1972)); *Sharrow Group v. Zausa Dev. Corp.*,

12

2004 U.S. Dist. LEXIS 24997, at *9 (N.D. Ill. Dec. 3, 2004).  "This is because promissory estoppel is an alternative theory of recovery where no contract exists; and, thus, it is a substitute for consideration." *Advanced Plastics*, 828 F. Supp. at 491 (citations omitted).

Here, neither party disputes that there was a valid, binding contract between the parties. Plaintiff, however, argues that it was merely pleading an inconsistent claim in the alternative, as allowed under the federal rules.   *See* Fed. R. Civ. P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.").  While it is true that Plaintiff may plead breach of contract in one count and promissory estoppel in another, it may not allege the existence of an express contract in its claim for promissory estoppel.   Under paragraph thirty-four of Plaintiff's Complaint, Plaintiff specifically incorporates it prior allegations of express and valid contracts into its promissory estoppel claim.  (Compl. ¶¶ 34, 8).  In addition, dismissal of Plaintiff's promissory estoppel on "this basis is especially appropriate where [, as here,] the plaintiff has attached the relevant contracts to the complaint." *Sharrow Group*, 2004 U.S. Dist. LEXIS 24997, at *10.

### G.    Specific Performance: Count VI

Plaintiff seeks specific performance based upon Defendant's alleged breaches of the Contracts.  Plaintiff alleges that it has no adequate remedy at law because it cannot purchase the subject honey at such prices and in such quantities given the nature of the market.

Specific performance is an equitable remedy that may be awarded where the legal remedy of damages is impracticable.  *See John O. Schofield, Inc v. Nikkel*, 314 Ill. App.3d 771, 784, 731 N.E.2d 915, 925 (2000); *Ruegsegger v. Bangor Twp Relief Drain*, 127 Mich. App 28, 31 (1983). Under section 2-716 of the UCC (as codified in M.C.L. § 440.2716(1) and 810 I.L.C.S. 5/2-716(1)),

specific performance is granted where the goods are unique or in other proper circumstances.   The commentary to MCL § 440.2716(1) and 810 ILCS 5/2-716(1) explains that uniqueness may arise from market conditions:

> Specific performance is no longer limited to goods which are already specific or ascertained at the time of contracting. The test of uniqueness under this section must be made in terms of the total situation which characterizes the contract. Output and requirements contracts involving a particular or peculiarly available source or market present today the typical commercial specific performance situation, as contrasted with contracts for the sale of heirlooms or priceless works of art which were usually involved in the older cases. However, uniqueness is not the sole basis of the remedy under this section for the relief may also be granted "in other proper circumstances" and inability to cover is strong evidence of "other proper circumstances"

Plaintiff has stated a claim for specific performance.   Defendant contends that it cannot purchase this type of honey at the prices and quantities demanded under the Contracts.   Essentially, Defendant alleges that it is unable to cover.   As set forth above, a claimant's inability to cover may justify a decree of specific performance.

While courts do not grant specific performance where the defendant simply cannot perform, *Soloman v. W. Hills Dev. Co.*, 110 Mich. App. 257, 261 (1981) (rejecting claim for specific performance for delivery of land where subject land had been sold to a third party); *Geist v. Lehman*, 19 Ill. App. 3d 557, 563–64 (1974) (explaining rule that specific performance is not available where the subject property has been destroyed), this does appear to be case in the present action.   As alleged, Plaintiff ordered Korean and Indian honey.   Instead of attempting to import Korean or Indian honey into the United States, Defendant allegedly imported Chinese honey. As a result, the U.S. Department of Homeland Security refused to allow the honey into the United States because it was subject to anti-dumping duties.   Therefore, Defendant perhaps could have performed the Contracts by attempting to import Korean and Indian honey rather than Chinese honey.

14

**H.**      **Breach of Duty of Good Faith: Count IX**

Plaintiff submits that Defendant breached its duty of good faith[3] imposed by UCC 1-203. *See* M.C.L. § 440.1203; 810 I.L.C.S. 5/1-203. That section provides: "Every contract or duty within this act imposes an obligation of good faith in its performance or enforcement." M.C.L. § 440.1203.

As set forth by Defendant, both Michigan and Illinois law do not recognize an independent cause of action for breach of the duty of good faith. *See Burton v. William Beaumont Hospital*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005) ("Michigan does not . . . recognize a claim for breach of an implied covenant of good faith and fair dealing separate from an action on the underlying contract.") (citing *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463 (2003)); *Voyles v. Sandia Mortgage Corp.*, 196 Ill. 2d. 288, 295, 751 N.E.2d 1126, 1131 (Ill. 2001) (explaining that the breach of the covenant of good faith and fair dealing is not an independent cause of action under Illinois law, except in the narrow context of an insurer's failure to settle a claim).

Defendant argues that a cause of action for the breach of the duty of good faith exists where, as here, a party to a contract makes its performance a matter of its own discretion. Plaintiff cites *Gernhardt v. Winnebago Indus.*, No. 03-73917, 2003 U.S. Dist. LEXIS 25747 (E.D. Mich. Dec. 30, 2003) (interpreting Michigan law) and *Greer Props., Inc v. LaSalle Nat. Bank*, 874 F.2d 457 (7th Cir. 1989) (interpreting Illinois law).

In *Gernhardt*, this Court first held that M.C.L. § 440.1203 "does not serve to create an independent cause of action for failure to perform or enforce in good faith." 2003 U.S. Dist. LEXIS 25747, at *16 (citing UCC Comment to § 1-203). This Court, quoting the Michigan Court of

---

[3] "'Good faith' means honesty in fact in the conduct or transaction concerned. MCL § 440.1201(19).

15

Appeals, then went on to hold that "[a] cause of action for breach of the duty of good faith does exist, however, 'where a party to a contract makes the manner of its performance a matter of its own discretion.'" *Id.* (quoting *Ferrell v. Tanny Int'l, Inc.*, 137 Mich. App. 238, 243 (1984)).[4]  *Ferrell*, though, dealt with whether the plaintiff adequately pled a violation of the duty of good faith as a breach of contract, not as an independent claim for relief as Plaintiff would like the Court to believe. Thus, as set forth above, a breach of the duty of good faith is not an independent claim for relief under Michigan law.

In *Greer Properties*, the Seventh Circuit found that under Illinois law, where a contract provides discretion on behalf of one of the parties to the contract, an abuse of that discretion—i.e., a breach of the duty of good faith—can only give rise to a breach of contract claim.  *Greer Props.*, Inc. 874 F.2d at 460–61 ("If discretion is exercised in bad faith, a breach of contract occurs and the court must grant relief to the aggrieved party.").  Therefore, similar to Michigan, under Illinois law, a breach of the duty of good faith is not an independent claim for relief.

Thus, because Plaintiff asserts a separate cause of action for a breach of the duty of good faith  instead of as an element of its breach of contract claim, the Court dismisses Count IX of the Complaint.

## I.      Action for Accounting: Count X

Lastly, Plaintiff seeks an accounting of the transactions at issue to determine what honey, if any, was purchased by Defendant, where the honey currently is being stored, and the amount of honey Defendant has in its possession.

---

[4]  Ultimately, this Court went on to find that the situation described in *Ferrell* did not apply to the facts of that case.  *Gernhardt*, 2003 U.S. Dist. LEXIS 25747, at *16

16

"An equitable accounting is an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due." *Triple Canopy, Inc. v. Moore*, 2005 U.S. Dist. LEXIS 14219, Case No. 04 C 3265, 2005 WL 169768 at *5 (N.D. Ill. July 1, 2005).   Equitable accounting is appropriate where the plaintiff shows there is no adequate remedy at law and the existence of special circumstances, such as the need to determine complicated damages.   *Thorpe v. Levenfeld*, 2005 U.S. Dist. LEXIS 22050, at *16–17 (N.D. Ill. Sept. 29, 2005) ("Under Illinois law, the elements of equitable accounting are: a) the absence of an adequate remedy at law; and b) one or more of the following: 1) breach of fiduciary duty; 2) fraud; 3) need for discovery, or 4) complex mutual accounts); *Eyde v. Empire of Am. Fed. Sav. Bank*, 701 F. Supp. 126, 130 (E.D. Mich. 1988) ("An action for accounting is an equitable remedy and . . . [p]laintiffs have no right to proceed in equity if they have an adequate remedy at law or where discovery is sufficient to determine the damages owed.").

Plaintiff has adequately pled the elements of equitable accounting and facts sufficient to demonstrate that an accounting is appropriate.  Specifically, Plaintiff has alleged that Defendant recently has been the subject of a criminal investigation by the Department of Homeland Security. Such an investigation, and the potential likelihood of further investigations could not only make discovery difficult but also could result in evidence of fraudulent acts perpetrated by Defendant against Plaintiff.

## III.    CONCLUSION

For the reasons stated, the Court:

(1)    DENIES Defendants' Motion to Dismiss Plaintiff's breach of contract claim (Counts I, VII, and VIII);

17

(2)     DISMISSES Plaintiff's misrepresentation claims (Counts II and III);

(3)     DISMISSES Plaintiff's breach of express and implied warranties claim (Count IV);

(4)     DISMISSES Plaintiff's promissory estoppel claim (Count V);

(5)     DENIES Defendant's motion to dismiss Plaintiff's claim for specific performance
        (Count VI);

(6)     DISMISSES Plaintiff's breach of the duty of good faith claim (Count IX); and

(7)     DENIES Defendant's motion to dismiss Plaintiff's claim for an equitable accounting
        (Count X).

**SO ORDERED**.


                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  February 27, 2009

                          CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
February 27, 2009.


                                        S/Denise Goodine
                                        Case Manager

18